UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

JAIR VANIN-VERGARA,

                      Petitioner,

v.

JARED RARDIN,

                      Respondent.

Civil No. 24-3277 (JRT/DLM)

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION**

---

Jair Vanin-Vergara, Reg. No. 05576-506, FMC Rochester, PMB 4000, Rochester, MN 55903, *pro se* Petitioner.

Adam J. Hoskins and Ana H. Voss, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Respondent.

Petitioner Jair Vanin-Vergara filed a petition for writ of habeas corpus after a final order of removal made him ineligible to apply 300 days of First Step Act time credits to his sentence and changed his anticipated release date from August 11, 2024, to June 7, 2025. Vanin-Vergara claims that the failure to apply the First Step Act time credits violates the ex post facto clause of the U.S. Constitution. Magistrate Judge Douglas L. Micko issued a report and recommendation ("R&R") recommending the Court deny Vanin-Vergara's petition for writ of habeas corpus, and Vanin-Vergara objected. 18 U.S.C. § 3632(d)(4)(E)(i), which made Vanin-Vergara ineligible to apply the First Step Act time credits, was triggered when Vanin-Vergara became subject to the final order of removal. But the change in Vanin-Vergara's factual circumstances does not make the law

retroactive or increase the punishment. Accordingly, the Court will overrule Vanin-Vergara's objections and adopt the R&R.

## BACKGROUND

Jair Vanin-Vergara is currently serving a 46-month prison sentence[1] for drug related charges at the Federal Medical Center in Rochester. (Pet. for Writ of Habeas Corpus, Ex. B at 4, Aug. 14, 2024, Docket No. 1.) When initially sentenced, Vanin-Vergara did not have a final order of removal, so he accrued First Step Act time credits ("FTCs"). (*Id.*, Ex. A at 2.) Just days before his original anticipated release date, however, the United States Immigration and Customs Enforcement issued a final order of removal for Vanin-Vergara. (Ex. B at 4.) As a result, Vanin-Vergara is no longer eligible to apply the 300 days of FTCs to his sentence, changing his expected release date from August 11, 2024, to June 7, 2025. (*Id.*)

In response, Vanin-Vergara filed a petition for writ of habeas corpus, asking that the Court apply the 300 days of FTCs. (Pet. for Writ of Habeas Corpus at 8.) Vanin-Vergara does not challenge the fact that the final order of removal makes him ineligible to apply FTCs; instead he argues that the failure to apply the FTCs constitutes a violation of the ex post facto clause of the Constitution, because the final order of removal was issued after he had accrued the FTCs. (*Id.* at 2, 6–7); *see also* 18 U.S.C. § 2632(d)(4)(E)(i). The

---

[1] Vanin-Vergara was originally sentenced to 57 months, but that sentence was reduced to 46 months after the passage of Amendment 821 in the United States Sentencing Guidelines. (Ex. A at 2; Ex. B at 4.)

Magistrate Judge issued an R&R recommending denial of Vanin-Vergara's habeas petition because although there was a change in facts, there was no retroactive change in law or increase in Vanin-Vergara's punishment. (R. & R. at 3, Sept. 13, 2024, Docket No. 9.) Vanin-Vergara objected to the R&R and again asked the Court to apply the 300 days of FTCs to his sentence. (Obj. at 2, Sept. 26, 2024, Docket No. 10.)

**DISCUSSION**

**I.   STANDARD OF REVIEW**

After a magistrate judge files an R&R, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). For dispositive motions, the Court reviews de novo a "properly objected to" portion of an R&R. Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

A document filed by a pro se litigant is to be liberally construed and must be held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Eighth Circuit instructs courts to liberally construe general and conclusory pro se objections to R&Rs and to conduct de novo review of all alleged

errors. *See Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). However, "pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

## II.     ANALYSIS

Vanin-Vergara claims that the R&R erred both in its determination that the law does not apply retroactively to him and that it did not increase his punishment. Specifically, Vanin-Vergara takes issue with a citation to 18 U.S.C. § 3632(d)(4)(B) because he is not challenging his inability to earn FTCs but instead his inability to apply the FTCs already earned. He also argues that the R&R specifically describing the outcome as backward-looking serves as an admission that the law applies retroactively. Finally, Vanin-Vergara cites to *Weaver v. Graham*, where the Supreme Court found the removal of good time credits constituted an increase in punishment. 450 U.S. 24, 28 (1981).

The First Step Act does not violate the ex post facto clause, even as applied to Vanin-Vergara. The Constitution prohibits ex post facto laws. U.S. Const., Art. I, § 9. An ex post facto law is one that is retrospective in that it "appl[ies] to events occurring before its enactment" and "must disadvantage the offender affected by it by altering the definition of criminal conduct or increasing the punishment for the crime." *United States v. Ellingburg*, 113 F.4th 839, 841 (8th Cir. 2024) (internal quotation omitted). The prohibition on ex post facto laws aims to provide fair notice and restrain arbitrary government action. *Lynce v. Mathis*, 519 U.S. 433, 441 (1997).

-4-

In reviewing Vanin-Vergara's claims, the Court determines that the failure to apply FTCs does not constitute a retroactive change in the law that increased his punishment such that it violates the ex post facto clause of the Constitution. The First Step Act, including the provision at issue here, existed prior to Vanin-Vergara's arrest, conviction, and sentencing. 18 U.S.C. § 3632(d)(4)(E)(i) (enacted Dec. 21, 2018). As the Magistrate Judge determined, issuance of the final order of removal triggered § 3632(d)(4)(E)(i) and made Vanin-Vergara ineligible to apply the FTCs, but the law itself is not retrospective; rather, the outcome here resulted merely from an unfortunate ordering of factual developments. Furthermore, the Court understands the Magistrate Judge's use of the words "backward-looking" in the R&R to describe only the change in factual circumstances, in this case the issuance of the final order of removal, not a retroactive change in the law.

Even if the Court found the First Step Act applied retroactively, which it does not, Vanin-Vergara did not suffer an increased penalty by virtue of the law. Instead, he was denied a potential benefit of the First Step Act. Because of that denial, Vanin-Vergara must serve more of his sentence in custody than he would have if the FTCs applied, but his sentence was not increased. *Dobbert v. Florida*, 432 U.S. 282, 293 (1977) (describing ex post facto laws as those that make criminal a previous innocent act, aggravate a prior crime, increase punishments, or change the proof required for conviction). Indeed, as the Magistrate Judge pointed out with his citation to 18 U.S.C. § 3632(d)(4)(B), prior to the

enactment of the First Step Act the same programming provided no benefit to inmates. If the First Step Act did not exist, Vanin-Vergara would serve the same amount of time in prison as he will now that he is ineligible to apply the FTCs.

Vanin-Vergara's reliance on *Weaver v. Graham* does not convince the Court otherwise. In *Weaver*, the Supreme Court found a statutory change in amount of good time granted to prisoners whose crimes were committed before the statutory change constituted an ex post facto violation. 450 U.S. at 32–33. In that case, however, the change in the statute reduced the amount of good time that all prisoners could receive, regardless of when they committed their crimes. *Id.* at 26–27. The Supreme Court found the new restrictions on good time calculations unconstitutionally increased the punishment for crimes committed prior to the statutory change. *Id.* at 35–36. Here, there are no relevant changes to the First Step Act that were not in effect at the time Vanin-Vergara committed his crimes, so nothing changed in the law with respect to the imposition of Vanin-Vergara's sentence.

## CONCLUSION

Vanin-Vergara seeks reinstatement of 300 days of FTCs because he alleges that 18 U.S.C. § 3632(d)(4)(E)(i) violates the ex post facto clause of the Constitution. But the ex post facto clause protects against changes in law that apply retroactively and disadvantage the offender. The First Step Act underwent no changes. Instead, Vanin-Vergara became subject to a final order of removal, making the FTCs inapplicable. Notwithstanding the fact that Vanin-Vergara will spend more time in prison than he

anticipated, his sentence would be the same with or without the First Step Act, so no ex post facto violation occurred. Thus, the Court will overrule Vanin-Vergara's objections, adopt the R&R, and dismiss the action.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Objection to the Report and Recommendation [Docket No. 10] is **OVERRULED**;

2. The Report and Recommendation [Docket No. 9] is **ADOPTED**;

3. Petitioner's Motion to Expedite is **DENIED** as moot;

4. Petitioner's Petition for Writ of Habeas Corpus [Docket No. 1] is **DENIED**; and

5. The Action is Dismissed.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: January 13, 2025
at Minneapolis, Minnesota.

                                                                       JOHN R. TUNHEIM
                                                          United States District Judge