UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| JAIR VANIN-VERGARA,<br><br>Petitioner,<br><br>v.<br><br>JARED RARDIN,<br><br>Respondent. | Civil No. 24-3277 (JRT/DLM)<br><br>**MEMORANDUM OPINION AND ORDER GRANTING PETITIONER'S APPLICATION TO PROCEED IN FORMA PAUPERIS ON APPEAL** |

---

Jair Vanin-Vergara, Reg. No. 05576-506, FMC Rochester, P.O. Box 4000, Rochester, MN 55903, *pro se* Petitioner.

Adam J. Hoskins and Ana H. Voss, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Respondent.

Petitioner Jair Vanin-Vergara is currently serving a 46-month prison sentence[1] for drug related charges at the Federal Medical Center in Rochester. (Pet. for Writ of Habeas Corpus ("Pet."), Ex. B, Aug. 14, 2024, Docket No. 1.) He filed a petition for writ of habeas corpus after a final order of removal made him ineligible to apply 300 First Step Act time credits ("FTCs"). (*See generally* Pet.) The Court denied his habeas petition because Vanin-Vergara's ineligibility to apply FTCs did not violate the ex post facto clause of the

---

[1] Vanin-Vergara was originally sentenced to 57 months, but that sentence was reduced to 46 months after the passage of Amendment 821 in the United States Sentencing Guidelines. (Pet. for Writ of Habeas Corpus, Ex. A, Aug. 14, 2024, Docket No. 1; *Id.* Ex. B.)

Constitution. *Vanin-Vergara v. Rardin*, No. 24-3277, 2025 WL 80661, at *3 (D. Minn. Jan. 13, 2025). Vanin-Vergara now appeals the Court's denial of his habeas petition and applies to proceed in forma pauperis ("IFP") on appeal. (Notice of Appeal, Feb. 6, 2025, Docket No. 15; Appl. to Proceed IFP on Appeal, Feb. 6, 2025, Docket No. 16.)

A litigant who seeks to be excused from paying the filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. To qualify for IFP status, the litigant must demonstrate that they cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken in good faith. *Id*. § 1915(a)(3).

Vanin-Vergara has satisfied both requirements to proceed IFP on appeal. First, his application demonstrates that he is unable to pay the filing fee because he is currently incarcerated with an average monthly balance of $75.54 in his trust fund prison account. Second, Vanin-Vergara's appeal is not taken in bad faith. Vanin-Vergara maintains that the failure to apply the FTCs he earned because of an after-imposed final order for removal violates the ex post facto clause of the Constitution. While the Court does not anticipate Vanin-Vergara's appeal will be successful, it does not find his appeal to be frivolous. The Court will therefore grant Vanin-Vergara's application to proceed IFP on appeal.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner's Application to Proceed In Forma Pauperis on Appeal [Docket No. 16] is **GRANTED**.

DATED: February 14, 2025
at Minneapolis, Minnesota.

                                          JOHN R. TUNHEIM
                                      United States District Judge